NOTICE

Decision filed 07/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250416-U

NO. 5-25-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| HEATHER YOUNG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 24-LA-1278 |
| | ) | |
| SHIRLE GUARDIAN and SOUTH CENTRAL | ) | |
| TRANSIT CORP., | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and Bollinger* concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's dismissal of plaintiff's complaint where the plaintiff's claims were barred by the Tort Immunity Act's one-year statute of limitations for local public entities.

¶ 2    Plaintiff, Heather Young, filed a complaint against defendants, Shirle Guardian (Guardian) and South Central Transit Corp. (South Central), seeking damages for personal injuries she sustained following a motor vehicle collision. Defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)), alleging that plaintiff's complaint was barred by the one-year statute of limitations set forth in the Local

_____

*Justice Moore was originally assigned to the panel. Justice Bollinger was later substituted on the panel and has read the briefs.

1

Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2022)). The St. Clair County circuit court granted defendants' motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals, arguing that the common carrier exception set forth in section 2-101(b) of the Tort Immunity Act (*id.* § 2-101(b)) exempted defendants from the one-year limitations period. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On September 18, 2024, plaintiff filed a complaint against defendants seeking damages for personal injuries she sustained as a result of a motor vehicle collision that occurred on April 12, 2023, in St. Clair County. Plaintiff alleged that her vehicle was rear-ended by a van that was owned by South Central and driven by Guardian while Guardian was working for South Central.

¶ 5      On December 12, 2024, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code and section 8-101(a) of the Tort Immunity Act based on plaintiff's failure to comply with the one-year statute of limitations. Defendants alleged that, at the time of the collision, South Central was operating as a common carrier pursuant to sections 2-101 and 8-101 of the Tort Immunity Act. Defendants alleged that the one-year statute of limitations set forth in section 8-101(a) of the Tort Immunity Act applied because South Central was a local public entity and Guardian was South Central's employee. Thus, defendants requested that the circuit court dismiss plaintiff's complaint because it was not filed within one year.

¶ 6      On February 20, 2025, plaintiff filed a reply to defendants' motion to dismiss. Plaintiff argued that her claims were not barred because section 2-101(b) of the Tort Immunity Act exempted claims against common carriers from the one-year limitations period and that the correct statute of limitations was two years. Accordingly, plaintiff requested that the circuit court deny defendants' motion to dismiss.

¶ 7    On April 17, 2025, the circuit court entered an order dismissing plaintiff's complaint with prejudice. Plaintiff filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9    The sole issue before this court is whether the circuit court properly dismissed plaintiff's complaint as time-barred pursuant to section 2-619 of the Code and section 8-101(a) of the Tort Immunity Act. This court reviews the circuit court's dismissal of a complaint pursuant to section 2-619 *de novo*. *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 267 (2010).

¶ 10    "A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's claim, but asserts affirmative matter that defeats the claim." *Id.* "Among such affirmative matter is that 'the action was not commenced within the time limited by law.' " *Id.* (quoting 735 ILCS 5/2-619(a)(5) (West 2006)). "When ruling on a section 2-619 motion to dismiss, the circuit court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.*

¶ 11    Section 13-202 of the Code generally provides that "[a]ctions for damages for an injury to the person *** shall be commenced within 2 years next after the cause of action accrued ***." 735 ILCS 5/13-202 (West 2022). However, if the plaintiff files a complaint seeking damages for personal injuries against a local governmental entity or its employees, the action may be governed by the Tort Immunity Act. 745 ILCS 10/1-101 *et seq.* (West 2022). Section 8-101(a) of the Tort Immunity Act provides: "No civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.* § 8-101(a). Our supreme court has reasoned that the shorter limitations period set forth in the Tort Immunity Act is reasonable because the number of claims made against a local governmental or public entity far exceeds the number

3

of claims brought against a private individual. *Ferguson v. McKenzie*, 202 Ill. 2d 304, 313 (2001) (citing *Tosado v. Miller*, 188 Ill. 2d 186, 194-95 (1999)).

¶ 12    In the present case, it is undisputed that South Central qualified as a local public entity. Plaintiff maintains, however, that the Tort Immunity Act sets forth several exceptions that may preclude application of the one-year statute of limitations. Plaintiff specifically notes that the one-year statute of limitations does not apply to a local public entity that is operating as a "common carrier." In support, plaintiff cites section 2-101(b) of the Tort Immunity Act, which provides that "[n]othing in this Act affects the liability, if any, of a local public entity or public employee, based on *** operation as a common carrier ***." 745 ILCS 10/2-101(b) (West 2022). Plaintiff notes that defendants alleged in their motion to dismiss that South Central was a public entity operating as a common carrier. Plaintiff also relies on several cases in support of her argument that the one-year statute of limitations does not apply in this case, including, *inter alia*, *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248 (2004), and *Harvest Church of Our Lord v. City of East St. Louis, Illinois*, 407 Ill. App. 3d 649 (2011). Plaintiff maintains that the cited cases support the proposition that, "if a cause of action fits within one of the enumerated exceptions in [section 2-101 of the Tort Immunity Act], then [the one-year statute of limitations set forth in section 8-101 of the Tort Immunity Act] does not apply."

¶ 13    However, we find instructive this court's decision in *Kelley v. Bonham*, 2018 IL App (5th) 170103-U, wherein this court considered nearly identical facts. In *Kelley*, the plaintiff's vehicle became involved in a three-vehicle accident, which included a bus operated by Rides Mass Transit District (RMTD) and driven by an employee of RMTD. *Id.* ¶ 4. The plaintiff filed a personal injury complaint against RMTD and its employee, and RMTD and its employee in turn filed a motion to dismiss alleging that the complaint was barred by the one-year statute of limitations set forth in

4

the Tort Immunity Act. *Id.* ¶ 5. The circuit court denied the motion to dismiss but granted RMTD's subsequent motion to certify a question for immediate appeal. *Id.* ¶¶ 7-8. This court granted RMTD's application for leave to appeal and considered the following question:

"Whether a 'local public entity' *** operating as a common carrier is afforded the protection of the one (1) year statute of limitations contained within 745 ILCS 10/8-101 which states (a) no civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one (1) year from the date that the injury was received or the cause of action accrued." *Id.* ¶¶ 9, 11.

¶ 14 In answering the certified question, this court disagreed that the holdings in *Raintree Homes, Inc.*, and *Harvest Church of Our Lord* supported the plaintiff's claim that RMTD was precluded from asserting the one-year statute of limitations. *Id.* ¶ 24. In doing so, this court noted as follows: "We acknowledge that a local governmental entity operating as a common carrier may be barred from asserting the Tort Immunity Act protections. However, the fallacy in [the plaintiff's] reasoning is that the common carrier doctrine only applies to passengers of the common carrier at the time of an accident." *Id.* (citing *Hubble*, 238 Ill. 2d at 269-70 n.4). This court noted that "[p]ublic transportation carriers owe the highest standard of care to its passengers—a standard of care higher than that owed by other public entities." *Id.* ¶ 26 (citing *Cooper v. Bi-State Development Agency*, 158 Ill. App. 3d 19, 24 (1987)). This court further noted: "As the highest level of care is owed by a common carrier to its passengers, if the claimant was a passenger of the common carrier at the time of the accident, the Tort Immunity Act exempts that claim from the one-year statute of limitations." *Id.* ¶ 27. Thus, this court held that "[b]ecause [the plaintiff] was not a passenger of RMTD's bus at the time of the accident, RMTD was not a 'common carrier'

5

with respect to her" and was "protected by the Tort Immunity Act's one-year statute of limitations." *Id.* ¶ 30. Accordingly, this court remanded the matter back to the circuit court with directions to dismiss the plaintiff's complaint. *Id.*

¶ 15 Here, as in *Kelley*, it is undisputed that plaintiff was not a passenger in the van owned by South Central and driven by Guardian. Although South Central operated as a common carrier, it was not a common carrier with respect to plaintiff because plaintiff was not a passenger in the van at the time of the accident. As a result, the statutory common carrier exception does not apply and South Central is protected by the Tort Immunity Act's one-year statute of limitations. Because it is undisputed that plaintiff failed to file her complaint against defendants within one year, the circuit court did not err by dismissing her complaint as time-barred pursuant to section 2-619 of the Code and section 8-101(a) of the Tort Immunity Act.

¶ 16                                   III. CONCLUSION

¶ 17 For the foregoing reasons, we affirm the order of the circuit court of St. Clair County dismissing plaintiff's complaint with prejudice.

¶ 18 Affirmed.